An administrator in his account charged for legal services. The attorney who had rendered them was notified of the necessity of proof as to such services and their value. The administrator attempted to conceal assets, and made false and fraudulent charges against the estate in respect to various other matters. *Held*, that the matter would not be sent back to the referee after his allowing such a charge to enable the administrator to produce proof as to such services.

In the matter of the estate of Kate O'Hara, deceased. Objections to the report of James J. Farren, referee. Report confirmed.

William J. Walsh, for administrator.
Oliver W. Beals, for contestant.
Charles I. Taylor, for Michael O'Hara.
Edward W. Breuen, for William C. Hartman and Halbert Payne.

THOMAS, S. The referee properly determined that the items in the account for moneys paid by the administrator for legal services rendered to him in the course of administration, having been duly objected to, the burden rested upon the accountant to establish affirmatively, by common-law evidence, the necessity for such services and their value, and that, in the absence of such evidence, they must be disallowed. Matter of Hosford, 27 App. Div. 427, 433, 50 N. Y. Supp. 550; Matter of Peck, 79 App. Div. 296, 80 N. Y. Supp. 76; affirmed, 177 N. Y. 538, 69 N. E. 1129; Journault v. Ferris, 2 Dem. Sur. 320, 325; Matter of Riley, 4 Dem. Sur. 333. The attorney, who is alleged to have received $1,200 for legal services in the settlement of an estate consisting of moneys on deposit in three savings banks, and amounting in gross, according to the account prepared and filed by him, to less than $4,000, acted for the administrator on the accounting, was notified at the first hearing that the contention was made that he must make this proof, and before the end of the reference obtained at least one adjournment to enable him to do so, but entirely omitted to offer any evidence upon the subject. In the absence of any averment or proof that any real litigation of any kind was had, the bill is so large as to excite suspicion, and the administrator should have been

diligent to disclose any facts which tended to support it. If it was paid, as alleged, such payment was not consistent with the other acts of the administrator, established by the evidence and found by the referee. For example, his charge for masses for the burial of his Catholic sister, when no mass was said and no priest employed; his charge for a monument, neither paid for nor erected; his claim for allowance of $125 on a voucher for that sum for a just debt for board, fraudulently obtained on the payment of only $25; his omission from his account of $250 cash, and the valuable jewelry and clothing of his sister, shown to have been received by him. Under such circumstances the application now made that the matter should be remitted to the referee to take proof as to the services of the attorney is addressed to my discretion and must be denied. The exceptions to the referee's report are overruled and the report is confirmed. The objectants will be awarded costs against the administrator, payable out of the share of the administrator, as an individual, in the estate. No costs or commissions will be allowed the administrator. Tax costs and settle decree on notice.

Referee's report confirmed.