In the Matter of the Intermediate Judicial Settlement of Account of Proceedings of KATHRYN A. WENDEL and AUGUST BUSCH, as Executors of SOPHIA BRODBECK, Deceased.

Surrogate's Court, Bronx County, September 26, 1924.

Executors and administrators — accounting — fees of attorney for executors — burden is on executors to show justice and necessity of payment — executors cannot pay attorney for other than legal services — money paid for executorial services rendered by attorney in sale of real estate not proper charge — fees and disbursements paid attorney on present accounting disallowed — costs allowed, however, in present accounting under Surrogate's Court Act, §§ 278 and 279 — other items disallowed or reduced.

The burden is on the executors in proceedings for the intermediate judicial settlement of their accounts to establish the justice and necessity of the payment of fees to their attorney.

Executors have no power to pay an attorney fees for other than legal services and, therefore, a charge for fees paid to their attorney for executorial services rendered by her in the sale of real estate is not a proper charge although the real estate may have sold for a better price as the result of her work; such services are compensated for by the executors' commissions.

Fees and disbursements on the present accounting are disallowed, but since it is evident that services were and will be rendered in the matter, and since the attorney has testified to the amount of work already done, costs are allowed to the entry and execution of a decree in this proceeding, pursuant to sections 278 and 279 of the Surrogate's Court Act.

Other items of disbursements are disallowed or reduced.

PETITION for intermediate judicial settlement of account of executors.

*Margaret K. Udell* (*Maxwell H. Elliott*, of counsel), for the executors.

*Frederick W. Block*, for the contestants.

*Edward F. Roehm*, special guardian for infant parties.

SCHULZ, S. The objections filed in this matter are all directed to payments made by the executors to an attorney at law for alleged legal services rendered and disbursements incurred by her. The contention that the burden of proof, under such circumstances, rests upon the contestants, is not supported by authority.

In *Matter of Peck*, 79 App. Div. 296, 301; affd. without opinion, 177 N. Y. 538, the court, citing *Matter of Hosford*, 27 App. Div. 427, and having under consideration fees paid for legal services, stated the law as follows: " On a final accounting, an unassailed voucher for the *payment of the debt of a deceased* throws upon the contestant the burden of impeaching the *justice* as well as the fact

of the *payment* of the claim. But the burden of proving the justice and necessity of a payment made upon a claim created by the executor rests upon him, and hence it devolved upon Peck [the executor] to establish the justice of the payments in this regard for which he asks to be allowed." See, also, *Matter of Lester*, 172 App. Div. 509, 520; *Matter of O'Hara*, 50 Misc. Rep. 495; *Journault* v. *Ferris*, 2 Dem. 320, 323; *Raymond* v. *Dayton*, 4 id. 333; 2 Woerner Am. Law Adm. (2d ed.) §§ 384, 515.

It does not appear that any of the authorities cited by the petitioners were cases in which the items objected to were counsel fees incurred by the personal representative as distinguished from claims which arose during the life of the decedent or were due from him to the claimants, with the exception of *Matter of White*, 6 Dem. 375 This case, however, has been said to go only " to the extent of holding that the representative may rely upon his vouchers and a full and complete statement of facts showing the justness and reasonableness of the charge as a *prima facie* case." 2 Heaton Surr. (4th ed.) 1771, ¶ 387. If it goes further than that it would seem to be against the weight of authority

I have no doubt that the services for which the amounts objected to were paid were carefully and diligently rendered, and that the executors in good faith paid the same, but so far as the record discloses, there were no extraordinary difficulties about the various matters in which such services were rendered. There was no contest of the will and no dispute arose in the transfer tax proceedings. I am convinced that considering the size of the estate and the nature of the services rendered, the amount paid therefor should not be allowed.

In some instances, notably that of the sale of the real estate, the services were not wholly legal. Executors are not warranted in paying out moneys of the estate for the performance of duties which are purely executorial. These, it is intended, shall be compensated for by the executors' commissions. *Matter of Lester*, *supra*, 519. While no doubt the efforts of the attorney did result in an increase in the price realized upon the sale of the real estate, and the executors were perhaps influenced thereby in paying the item in question, that was a matter which those who benefited might consider, and could, if they wished, show their appreciation for, but it did not warrant the amount of the payment made by the executors.

I reach the conclusion that the value of the services rendered are as follows: For services rendered on probate of will, etc., and other services included in the voucher therefor, $400; for services rendered in New Jersey transfer tax proceeding and other services

included in the voucher therefor, $150; for services rendered in the New York transfer tax proceeding and other services included in the voucher therefor, $225; for services rendered on sale of real estate and other services included in the voucher therefor, $175.

The item " fees and disbursements on intermediate accounting, etc., $575," is disallowed, but as it is evident that services were and will be rendered in this matter, and the attorney has testified to the number of days upon which she claims to have been necessarily occupied in preparing the account for settlement, I shall allow as costs down to the entry and execution of the decree herein, pursuant to sections 278 and 279 of the Surrogate's Court Act, the sum of $400.

The item " for disbursements incurred in connection with probate, publication of citation, etc., $300," is disallowed.

The disbursements which I deem reasonable and proper in all matters to date are as follows: For publication of citation on probate, $61.65; for publication of citation on accounting, $59.40; incidental disbursements, typewriting, service of papers, postage, etc., $100.

The items objected to will, therefore, be reduced to the amounts above stated and the objections sustained to that extent.

Costs are awarded to the contestants payable out of the estate. Settle decision and decree accordingly.

Decreed accordingly.